UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**RONNIE DUCOTE AND TINA DUCOTE**           **CIVIL ACTION NO.  18-0582**

**versus**                                                              **JUDGE TERRY A. DOUGHTY**

**LOUISIANA SOUTHERN RAILROAD,**        **MAG. JUDGE KAREN L. HAYES**
**L.L.C., ET AL.**

## REPORT AND RECOMMENDATION

On April 27, 2018, defendant, Louisiana Southern Railroad, L.L.C., ("LSR") removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).  On August 30, 2018, in response to court order, LSR filed an amended notice of removal in an attempt to redress deficient jurisdictional allegations regarding its citizenship.  *See* doc. #s 18, 20-22.  In so doing, however, LSR conceded that it had been unable to allege the members/partners of all the limited liability companies ("LLCs")[1] and limited partnerships[2] that comprised its organizational chain of membership, and therefore, requested additional time to conduct jurisdictional discovery, and for leave to file a further amended and supplemental notice

---

[1] For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.  *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

[2] The citizenship of a limited partnership is determined by the citizenship of all its members.  *See Carden v. Arkoma Associates*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021 (1990).

of removal. [doc. # 26]. The court granted the motion. [doc. # 27].

On October 15, 2018, LSR filed its second amended and supplemental notice of removal, which again endeavored to set forth the members/partners of the LLCs and limited partnerships that comprised the sub-LLCs that in turn were members of a series of LLCs that constituted LSR. *See* 2nd Amend. & Suppl. Notice of Removal [doc. # 33]. In conjunction with its supplemental notice of removal, LSR sought and obtained leave of court to file under seal the ownership structure of certain partnerships: SkyKnight Rail Holdings, L.P. and SkyKnight Rail Holdings II, L.P., Series 1-8. [doc. #s 34-36].

## **Law and Analysis**

Federal law authorizes a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).

Here, defendant invoked this court's original jurisdiction, via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Removing defendant has not satisfied the former requirement.

As detailed earlier herein, LSR obtained court permission to file under seal the

membership of SkyKnight Rail Holdings, L.P. and SkyKnight Rail Holdings II, L.P., Series 1-8, which, via a lengthy organizational chain, ultimately own a small ownership interest in LSR. The five-page long document lists over 100 entities and individuals, but fails to identify all of the members/partners for some of the sub-LLCs/limited partnerships. For example, midway down the first page "___ Family Partners, LP"[3] is listed, but its members are not identified. Four lines beneath that, the members of an LLC are not identified. Three lines from the bottom of page two, the owner/member of "___ Partners, LLC" is not identified. There are several other examples of undisclosed members/partners on pages three and four of the sealed document.

    The party invoking the court's jurisdiction must disclose the identities of members/partners of LLCs and limited partnerships so the other parties in the case (or the court) may traverse citizenship, if appropriate. *See Nunez v. ACE Am. Ins. Co., CV*, No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017) (collecting cases), R&R adopted, 2018 WL 493398 (M.D. La. Jan. 16, 2018). Absent this requirement, the court and opposing party(ies) would be constrained to blindly accept the naked representations of partner/member citizenship proffered by the party invoking jurisdiction.[4] Here, LSR has not provided the requisite membership information to the court, nor is it clear that they provided the sealed information to other parties in this suit.[5]

    Furthermore, the sealed document includes at least 26 trusts. For each trust identified as

---

[3] The court has redacted portions of the entities' names to respect their confidentiality.

[4] Counsel may err, or further research could uncover additional information.

[5] The court sealed the limited member/partner information provided by LSR, which prevents parties and non-parties from viewing the document.

a member or partner of a sub-entity, LSR sometimes alleges the name of an individual associated with the trust, but does not specify whether the individual is the trustee or a beneficiary. When a trust is a party to a suit, its citizenship for purposes of diversity jurisdiction depends on the nature of the trust. *Algiers Dev. Dist. v. Vista Louisiana, LLC*, No. CV 16-16402, 2017 WL 121127, at *3 (E.D. La. Jan. 12, 2017) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016)). In a traditional trust or when a trustee files a suit in his own name, the citizenship of the trustee controls. *Id.*; *Claret v. Port Richey Auto. Mgmt., LLC*, No. CV 18-5844, 2018 WL 2980068, at *2 (E.D. La. June 14, 2018). However, when a business trust files suit in its organizational name, its citizenship is determined by the citizenship of all of its members. *Claret*, 2018 WL 2980068 at *2 (citing *Americold Realty Tr.*, 136 S. Ct. at 1017). The members of a trust are its beneficiaries. *See id.*

LSR has not alleged that any unspecified trustee of the listed trusts are filing suits in their own names; rather it lists the trusts themselves as members of various sub-entities of SkyKnight Rail Holdings, L.P. and SkyKnight Rail Holdings II, L.P., Series 1-8. Further, LSR does not indicate whether the trusts are traditional or business trusts. Therefore, the trusts should be treated as business entities with citizenship based on their beneficiaries, *see Claret*, 2018 WL 2980068 at *2, which LSR has failed to allege.

In this case, the court has afforded LSR ample opportunity to affirmatively allege and establish citizenship for purposes of diversity.[6] As the record now stands, however, the

---

[6] This court is not unmoved by the onerous burden placed upon a party invoking diversity jurisdiction to pierce multiple layers of unincorporated associations in order to affirmatively allege and establish citizenship. Also, because state laws generally do not require disclosure of members of limited liability companies, public records rarely contain the information necessary to allege diversity jurisdiction. *Lewis, supra*.

undersigned is constrained to find that removing defendant has not established federal diversity jurisdiction.[7] Under these circumstances, where a party has been permitted an opportunity to amend its pleadings to allege the basis for diversity jurisdiction and still fails to do so, dismissal is warranted. *Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986).

## Conclusion

For the foregoing reasons, the undersigned finds that removing defendant has not satisfied its burden of establishing federal subject matter jurisdiction. *Howery, supra*; 28 U.S.C. § 1332. Remand is required. 28 U.S.C. § 1447(c).[8] Accordingly,

IT IS RECOMMENDED that the instant case be remanded to the 2nd Judicial District Court for the Parish of Jackson, State of Louisiana, whence it was removed. 28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

---

[7] This finding is not a criticism of the efforts by defense counsel. The court notes and appreciates defense counsel's determined attempts to marshal the assistance of recalcitrant or unmotivated sub-entities (and beyond). Certainly, if LSR deems it worthwhile to continue its struggle to properly allege jurisdiction, then it remains at liberty to submit a proposed third amended notice of removal that addresses the deficient allegations of identity and citizenship in conjunction with its objection to the instant report and recommendation.

[8] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *Id.* Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 30th day of October 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE